Jones, J.
 

 The husband and wife were tenants in common in the entire premises, each owning an undivided one-half thereof. The husband’s moiety
 
 *448
 
 only was subjected to judicial sale. It is conceded that, at the time of sale and distribution of proceeds derived from bis moiety, the husband and wife were still in possession of the premises and occupying the same as a homestead. Under such circumstances, may either of them assert a claim for allowance in lieu of a homestead, even though the wife’s moiety in the premises is incumbered by liens?
 

 While some jurisdictions have held that the tenant in common cannot claim a homestead, the greater weight of authority, supported by the better reasoning, upholds the claim of the tenant to a homestead, if he occupies the premises as such and otherwise complies with the provisions of the statute awarding him a homestead.
 

 This subject has been discussed in the following texts, which cite many authorities upholding a co-tenant’s right to claim a homestead: 29 Corpus Juris, 848; 13 Ruling Case Law, 572; Freeman on Cotenancy & Partition, Section 54. The text first cited states the general rule to be that, under the policy of construing exemption laws in favor of protecting the debtor and his family, “it has been held that a cotenant may acquire a homestead in premises actually occupied by him as a place of residence. This rule is held especially applicable where the tenants in common are husband and wife,” and in support of that principle many authorities are therein cited, among others the case of
 
 Hill
 
 v.
 
 Myers,
 
 46 Ohio St., 183, 193, 19 N. E., 593, wherein the opinion, quoting Mr. Freeman with approval, upholds the rule announced in the foregoing text, when the rights of other cotenants are not thereby threatened or endangered. If such cotenant and her husband have and occupy a homestead, no al
 
 *449
 
 lowance can be made in lieu thereof. Section 11738, General Code.
 

 Had the wife’s moiety, as well as her husband’s, been sold at judicial sale, and the wife thereby deprived of a homestead, the case would have presented a different aspect, but a sale of the entire premises was not asked nor made. While it is possible that the homestead may later be endangered by a sale of the wife’s moiety, the fact remains that it has not been subjected to judicial sale, nor has she been deprived of a homestead or of its present occupancy. The fact that her undivided interest is incumbered by liens does not warrant her claim to an allowance in lieu of a homestead so long as she owns and occupies the homestead with her husband.
 
 Bartram
 
 v.
 
 McCracken,
 
 41 Ohio St., 377;
 
 Biddinger
 
 v.
 
 Pratt,
 
 50 Ohio St., 719, 35 N. E., 795. It being conceded that the husband and wife now have and occupy a homestead under the title of the wife’s cotenancy, to grant her an allowance under the circumstances would award the wife, not only an allowance in lieu of a homestead, when one was being occupied by her and her husband, but would contravene the spirit and provisions of Sections 11730 and 11738, General Code, which provide, in substance, that neither spouse can make a demand for a homestead or an allowance in lieu thereof, if the other has a homestead.
 
 Dwinell
 
 v.
 
 Edwards,
 
 23 Ohio St., 603.
 

 We find no prejudicial error in the allocation and payment of taxes out of the proceeds of sale.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.